MICHAEL J. DUVALL (SBN 276994)
michael.duvall@dentons.com
KATHRYN L. IGNASH (SBN 299694)
kathryn.ignash@dentons.com
CHANELL BOTSHEKAN (SBN 339667)
chanell.botshekan@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

GRANT J. ANKROM (*pro hac vice* forthcoming)
grant.ankrom@dentons.com
DENTONS US LLP
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, MO 63102
Tel: (314) 259-5399 / Fax: (314) 259-5959
Attorneys for Defendant
ROWDY BEVERAGE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CHAUCA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>ROWDY BEVERAGE, INC.,<br><br>          Defendant. | Case No. 3:23-CV-00730-BEN-BGS<br><br>**DEFENDANT ROWDY BEVERAGE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Rowdy Beverage, Inc. ("Rowdy" or "Defendant"), by and through counsel, answers Plaintiff Sergio Chauca's ("Plaintiff") Class Action Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1.    Defendant admits that Plaintiff filed a putative class action lawsuit and seeks to represent a putative class, but denies that this case can be maintained as a class action on behalf of the proposed class, the New York subclass, or otherwise.[1]

2.    Defendant admits that the alleged "Rowdy Power Burn" energy drink products (the "Products") stated in Paragraph 2 and footnote 1 of the Complaint are Defendant's products. Except as so stated, Defendant denies the allegations contained Paragraph 2 as vague and ambiguous.

3.    Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 3.

4.    Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 4.

5.    Defendant admits that Plaintiff filed a putative class action lawsuit and seeks to represent a putative class, but denies that this case can be maintained as a class action on behalf of the proposed class, the New York subclass, or otherwise.

## PARTIES

6.    Defendant lacks information sufficient to admit or deny the allegations in Paragraph 6 concerning Plaintiff's residency and citizenship, and further about his purchase of Defendant's Products. Defendant lacks information sufficient to

---

[1] Unless specified otherwise, the Answer's enumerated Paragraphs respond to the same enumerated Complaint Paragraphs.

admit or deny whether Plaintiff reviewed the accompanying labels or marketing materials for Defendant's Products. Defendant states that its marketing materials and Products' labels speak for themselves, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Defendant denies the remainder of the allegations in Paragraph 6, which otherwise contains legal conclusions to which no response is required.

7.     Defendant admits that it is a Delaware corporation with its corporate headquarters and principal place of business located at 10531 4S Commons Drive, San Diego, CA.

8.     Paragraph 8 contains a reservation of rights and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.

**JURISDICTION AND VENUE**

9.     The allegations in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10.     The allegations in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11.     The allegations in Paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 11.

**FACTUAL ALLEGATIONS**

12.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 12.

13.     Defendant states that the regulation cited in Paragraph 13 speaks for

- 3 -

itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 13.

14.     The allegations in Paragraph 14 consist of legal conclusions, to which no response is required, and purport to recharacterize the contents of the FDA's website. Defendant states that the referenced webpage speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 14.

15.     The allegations in Paragraph 15 consist of legal conclusions, to which no response is required, and purport to recharacterize the contents of an FDA Warning Letter. Defendant states that the referenced letter speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 15.

16.      Defendant states that the materials cited in Paragraph 16 speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 16.

17.     Defendant states that the materials cited in Paragraph 17 speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 17.

18.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Further, the allegations in Paragraph 18 are legal conclusions to which no response is required, and purport to recharacterize the contents of a publication. Defendant states that the referenced publication speaks

for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 18.

19.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Further, Defendant states that the regulation cited in Paragraph 19 speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 19.

20.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Further, Defendant states that the regulation cited in Paragraph 20 speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 20.

21.     Defendant admits that some of its Products contain teas and other extracts. Except as so stated, Defendant denies the allegations contained in Paragraph 21.

22.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Further, the allegations in Paragraph 22 are legal conclusions to which no response is required, and purport to recharacterize the contents of a publication. Defendant states that the referenced publication speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 22.

23.     The allegations in Paragraph 23 consist of legal conclusions, to which no response is required. Further, Defendant states that the materials cited in

Paragraph 23 speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 23.

24. Defendant denies the characterization of Plaintiff's heading before Paragraph 24. Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Further, Defendant states that the materials cited in Paragraph 24 speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 24.

25. Defendant states that the materials cited in Paragraph 25 speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 25.

26. Defendant states that the materials cited in Paragraph 26 speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 26.

27. Defendant is without sufficient information to admit or deny Plaintiff and alleged Class members' understandings of and/or the reasons why they purchased the Products, and Paragraph 27 otherwise contains legal conclusions to which no response is required. Except as so stated, Defendant denies the allegations contained in Paragraph 27.

28. Defendant states that its marketing materials and Products' labels, including its website, speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 28.

29. The allegations in Paragraph 29 are legal conclusions to which no

response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 29.

30.     The allegations in Paragraph 30 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 30.

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 31.

32.     The allegations in Paragraph 32 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33.     The allegations in Paragraph 33 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 33.

34.     The allegations in Paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34.

35.     The allegations in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 35. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

## CLASS ACTION ALLEGATIONS

36.     Defendant admits that Plaintiff seeks to represent a putative nationwide class in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations contained in Paragraph 36.

37.    Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations contained in Paragraph 37.

38.    Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations contained in Paragraph 38.

39.    Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations contained in Paragraph 39.

40.    The allegations in Paragraph 40 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 40. Defendant further denies that this action may be properly maintained as a class action.

41.    The allegations in Paragraph 41, including its subparts, are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 41. Defendant further denies that this action may be properly maintained as a class action.

42.    The allegations in Paragraph 42 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the

allegations contained in Paragraph 42. Defendant further denies that this action may be properly maintained as a class action.

43.     The allegations in Paragraph 43 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 43. Defendant further denies that this action may be properly maintained as a class action.

44.     The allegations in Paragraph 44 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 44. Defendant further denies that this action may be properly maintained as a class action.

45.     The allegations in Paragraph 45 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 45. Defendant further denies that this action may be properly maintained as a class action and also denies that Plaintiff, or any putative class member, is entitled to any relief whatsoever.

46.     The allegations in Paragraph 46 are legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 46. Defendant further denies that this action may be properly maintained as a class action.

47.     The allegations in Paragraph 47 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 47.  Defendant also denies that Plaintiff, or any putative class member, is entitled to any relief whatsoever.

**COUNT I**
**Violation of New York G.B.L. § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

48.     Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

49.     Defendant admits that Plaintiff seeks to represent a putative

nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations contained in Paragraph 49.

50. Paragraph 50 consists of legal conclusions, to which no response is required. Defendant further states that New York's General Business Law speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith.

51. Paragraph 51 consists of legal conclusions, to which no response is required. Defendant further states that New York's General Business Law speaks for itself, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith.

52. Defendant lacks sufficient information to admit or deny whether Plaintiff and members of the New York subclass purchased the Products and/or, if they did, for what purpose and therefore denies the same. Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment. Except as so stated, Defendant is without sufficient information to admit or deny the allegations in Paragraph 52.

53. Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant is without sufficient information to admit or deny the allegations in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant states that its marketing materials and Products' labels

speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Defendant also lacks sufficient information to admit or deny whether Plaintiff and members of the New York subclass purchased the Products and/or, if they did, for what purpose and therefore denies the same. Except as so stated, Defendant denies the allegations contained in Paragraph 55.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 56. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

57. The allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 57. Defendant also denies that Plaintiff, or any putative class member, is entitled to any relief whatsoever.

**COUNT II**
**Violation of New York G.B.L. § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

58. Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

59. Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations contained in Paragraph 59.

60. Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Defendant further states that New York's General Business Law speaks for itself, and denies any quotations, recitations,

- 11 -

characterizations or interpretations inconsistent therewith. Further, the allegations in Paragraph 60 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 60.

61.     Defendant lacks sufficient information to admit or deny whether Plaintiff purchased the Products and/or, if he did, for what purpose and therefore denies the same. The allegations in Paragraph 61 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 61.  Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

62.     Defendant denies the allegations contained in Paragraph 62.

63.     The allegations in Paragraph 63 are legal conclusions to which no response is required.  Defendant also lacks sufficient information to admit or deny whether Plaintiff and members of the New York subclass purchased the Products and/or, if they did, for what purpose and therefore denies the same. Except as so stated, Defendant denies the allegations contained in Paragraph 63.

64.     The allegations in Paragraph 64 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 64.  Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

65.     The allegations in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 63.  Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

66.     The allegations in Paragraph 66 are legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 66. Defendant also denies that Plaintiff, or any putative class member, is entitled to any relief whatsoever.

### COUNT III
#### Violations of State Consumer Protection Statutes
#### (On Behalf of Plaintiff and the Nationwide Class)

67.     Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

68.     Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations contained in Paragraph 68.

69.     Paragraph 69 consists of legal conclusions, to which no response is required. Defendant further states that the referenced Consumer Protection Statutes speak for themselves, and denies any quotations, recitations, characterizations or interpretations inconsistent therewith.

70.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Further, the allegations in Paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     The allegations in Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 73. Defendant also lacks sufficient information to admit or deny whether Plaintiff and alleged Class members purchased the

Products and/or, if they did, for what purpose and therefore denies the same. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

74. The allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 74. Defendant also denies that Plaintiff, or any putative class member, is entitled to any relief whatsoever.

**COUNT IV**
**Breach of Express Warranty**
**(On Behalf of Plaintiff and the Nationwide Class)**

75. Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

76. Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations contained in Paragraph 76.

77. Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations of Paragraph 77.

78. The allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 78.

79. The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80.     Defendant admits Plaintiff's counsel sent Defendant a warranty notice letter, but otherwise denies that it complied in all respects with U.C.C. 2-607. Defendant denies the remaining allegations contained in Paragraph 80.

81.     The allegations in Paragraph 81 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.  Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

**COUNT V**
**Unjust Enrichment / Restitution**

82.     Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

83.     Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations contained in Paragraph 83.

84.     The allegations in Paragraph 84 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 84.

85.     The allegations in Paragraph 85 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 85.

86.     Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith.  Defendant also lacks sufficient information to admit or deny whether Plaintiff and members of the New York subclass

purchased the Products and/or, if they did, for what purpose and therefore denies the same. Except as so stated, Defendant denies the allegations of Paragraph 86. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

87. The allegations in Paragraph 87 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 87. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

88. The allegations in Paragraph 88 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 88. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

89. The allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 89. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

90. The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 90. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

91. The allegations in Paragraph 91 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 91. Defendant further denies that Plaintiff or any

alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

92. The allegations in Paragraph 92 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

## COUNT VI
### Negligent Misrepresentation

93. Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

94. Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment. Except as so stated, Defendant denies the allegations contained in Paragraph 94.

95. Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith. Except as so stated, Defendant denies the allegations contained in Paragraph 95.

96. The allegations in Paragraph 96 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 96.

97. The allegations in Paragraph 97 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 97.

98. The allegations in Paragraph 98 are legal conclusions to which no

response is required.  To the extent a response is required, Defendant denies Paragraph 98.

99.    Defendant lacks sufficient information to admit or deny whether Plaintiff and members of the New York subclass purchased the Products and/or, if they did, for what purpose and therefore denies the same. Further, the allegations in Paragraph 99 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 99.

100.   The allegations in Paragraph 100 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 100.  Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

### COUNT VII
**Fraud**

101.   Defendant restates and incorporates by reference its response to the paragraphs set forth above as if fully set forth herein.

102.   Defendant admits that Plaintiff seeks to represent a putative nationwide class and/or putative New York subclass in this action, but denies that there is a legal or factual basis for the action, denies that the action may be properly maintained as a class action, including as to the proposed New York subclass, and denies that it is suitable for class treatment.  Except as so stated, Defendant denies the allegations contained in Paragraph 102.

103.   Defendant states that its marketing materials and Products' labels speak for themselves and denies any quotations, recitations, characterizations or interpretations inconsistent therewith.  Except as so stated, Defendant denies the allegations contained in  Paragraph 103.

104.   The allegations in Paragraph 104 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the

allegations contained in Paragraph 104.

105.   The allegations in Paragraph 105 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 105. Defendant further denies that Plaintiff or any alleged Class member has been damaged or is entitled to any monetary, declaratory, or injunctive relief in this action.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the "Prayer for Relief," including all subparts, denies that this action may be maintained as a class action on behalf of the proposed classes or otherwise and denies that Plaintiff or the proposed classes are entitled to any relief whatsoever.

## JURY DEMAND

Defendant also demands a jury trial as to those claims so triable.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issues or subject matter necessarily is relevant to Plaintiff's allegations.

### Against Named Plaintiff

1.      Plaintiff lacks standing to sue Defendant.

2.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

3.      Plaintiff's claims are barred in whole or in part by the doctrine of laches.

4.      Plaintiff's Class Action Complaint fails to state a claim upon which relief can be granted.

5.     Plaintiff's claims are barred in whole or in part because they are preempted by federal law, including but not limited to, the Food, Drug, and Cosmetic Act ("FDCA") and the Nutrition Labeling and Education Act ("NLEA").

6.     Plaintiff's claims are barred in whole or in part because the Food and Drug Administration ("FDA") has exclusive jurisdiction over her claims.

7.     Plaintiff's claims are barred in whole or in part because the FDA has primary jurisdiction over her claims.

8.     Plaintiff's claims are barred in whole or in part because the challenged practices complained of were known, accepted, and permitted or approved by the FDA pursuant to the authority conferred on it by federal law.

9.     To the extent Plaintiff's claims are derivative of the FDCA and the NLEA, Plaintiff is equitably estopped from raising them because the challenged conduct was known to and permitted by the FDA.

10.     Plaintiff is estopped from raising her claims because they are inconsistent with the statements and actions of the FDA permitting the conduct of Defendant.

11.     Plaintiff's claims are barred in whole or part because Defendant did not commit any unlawful, fraudulent, unfair or deceptive act, including but not limited to, any violation of New York General Business Law.

12.     Plaintiff's claims are barred in whole or part because Defendant did not make any misrepresentation or have a duty to disclose information that Plaintiff alleges he did not receive.

13.     Plaintiff's claims are barred in whole or in part because Plaintiff cannot show that the Products' labels are misleading to a reasonable consumer.

14.     Plaintiff's claims are barred in whole or in part because Plaintiff did not rely on the at-issue misrepresentations in making her purchasing decision.

15.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

16. Plaintiff's claims are barred in whole or part because Defendant's actions are protected by the First Amendment of the United States Constitution and the Constitutions of the State of New York or State of California.

17. Plaintiff is not entitled to damages or restitution because he suffered no loss of money or property as a result of Defendant's conduct.

18. Plaintiff is not entitled to damages or restitution because he received fair value in exchange for what he paid.

19. Plaintiff is not entitled to monetary relief because such an award would constitute impermissible, non-restitutionary disgorgement.

20. Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

21. Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine.

22. Plaintiff's claims are barred in whole or in part by the fact that he would be unjustly enriched were he to recover any sum of money.

23. Plaintiff's claims are barred in whole or in part because the conduct alleged in the Complaint complies with applicable laws.

24. Plaintiff may be bound to arbitrate, on an individual basis, his dispute with Defendant pursuant to the terms of an arbitration agreement.

25. Plaintiff's equitable claims, if any, are barred to the extent he has an adequate remedy at law.

26. Plaintiff's claims are barred in whole or in part because Defendant acted in good faith at all times.

27. Plaintiff's claims based on alleged willful or intentional misrepresentations are barred in whole or in part because the representations and actions alleged were not intended to mislead or deceive consumers.

28. Plaintiff's claims are barred in whole or in part because, to the extent to which Plaintiff suffered any loss, damage, or injury (which Defendant denies),

Plaintiff failed to mitigate such loss, damage, or injury.

29. Plaintiff is not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint.

## SEPARATE AND ADDITIONAL DEFENSES AGAINST
## PUTATIVE CLASS MEMBERS

Defendant contends that class certification is inappropriate in this case. Nevertheless, were the Court to certify a class, Defendant would have defenses against any putative class members. The identity of any putative class members is unknown, and Defendant denies that a class can be ascertained or identified. Thus, Defendant asserts the following defenses on information and belief.

1. One or more of the putative class members lack standing to sue Defendant.

2. One or more of the putative class members' claims are barred in whole or in part by the applicable statutes of limitations.

3. One or more of the putative class members' claims are barred in whole or in part by the doctrine of laches.

4. One or more of the putative class members' claims are barred in whole or in part because they are preempted by federal law, including the FDCA and the NLEA.

5. One or more of the putative class members' claims are barred in whole or in part because the FDA has exclusive jurisdiction over their claims.

6. One or more of the putative class members' claims are barred in whole or in part because the FDA has primary jurisdiction over their claims.

7. One or more of the putative class members' claims are barred because the conduct alleged in the Complaint complies with applicable laws.

8. One or more of the putative class members are bound to arbitrate, on an individual basis, their dispute with Defendant pursuant to the terms of an arbitration agreement.

9. One or more of the putative class members' claims are barred in whole or in part because the challenged practices complained of were known to, accepted, and permitted or approved by the FDA pursuant to the authority conferred on it by federal law.

10. To the extent the putative class member claims are derivative of the FDCA and the NLEA, one or more of the putative class members are equitably estopped from raising them because the challenged conduct was known to and permitted by the FDA.

11. One or more of the putative class members are estopped from raising their claims because they are inconsistent with the statements and actions of the FDA permitting the conduct of Defendant.

12. One or more of the putative class members' claims are barred in whole or part because Defendant did not commit any unlawful, fraudulent, unfair or deceptive act, including but not limited to, any violation of State Consumer Protection Statutes.

13. One or more of the putative class members' claims are barred in whole or part because Defendant did not make any misrepresentation or have a duty to disclose information not provided.

14. One or more of the putative class members' claims are barred in whole or in part because Plaintiff cannot show that the Products' labels are misleading to a reasonable consumer.

15. One or more putative class members' claims are barred in whole or in part because they did not rely on the alleged misrepresentations or omissions identified in the Complaint.

16. One or more putative class members' claims are barred because the at-issue representations were not material to their purchasing decisions.

17. One or more of the putative class members' claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

18.     One or more putative class members' claims are barred in whole or part because Defendant's actions are protected by the First Amendment of the United States Constitution and the Constitutions of the State of New York or State of California.

19.     One or more of the putative class members are not entitled to damages or restitution because they suffered no injury in fact caused by Defendant.

20.     One or more of the putative class members are not entitled to damages or restitution because Plaintiff cannot prove that they suffered an injury in fact caused by Defendant.

21.     One or more of the putative class members are not entitled to damages or restitution because they suffered no loss of money or property as a result of Defendant's conduct.

22.     One or more of the putative class members are not entitled to damages or restitution because Plaintiff cannot prove any loss of money or property as a result of conduct by Defendant.

23.     One or more of the putative class members are not entitled to damages or restitution because they received fair value in exchange for what they paid.

24.     One or more of the putative class members are not entitled to damages or restitution because the alleged "misrepresentations" were not a material factor that induced their purchase.

25.     One or more putative class members are not entitled to monetary relief because such an award would constitute impermissible, non-restitutionary disgorgement.

26.     One or more of the putative class members' claims are barred in whole or in part by the economic loss doctrine.

27.     One or more of the putative class members' claims are barred in whole or in part by the voluntary payment doctrine.

28.     One or more of the putative class members' claims are barred in whole

or in part because they lack privity with Defendant.

29.     One or more of the putative class members' claims are barred in whole or in part by the fact that they would be unjustly enriched were they to recover any sum of money.

30.     One or more of the putative class members' claims are barred in whole or in part because Defendant acted in good faith at all times.

31.     One or more of the putative class members' claims based on alleged willful or intentional misrepresentations are barred in whole or in part because the representations and actions alleged were not intended to mislead or deceive consumers.

32.     One or more of the putative class members' claims are barred in whole or in part because, to the extent to which one or more of the putative class members suffered any loss, damage, or injury (which Defendant denies), they failed to mitigate such loss, damage, or injury.

33.     One or more of the putative class members is not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint.

34.     One or more of the putative class members' claims are barred because they were issued a refund by Defendant.

35.     One or more putative class members' equitable claims are barred to the extent they have an adequate remedy at law.

36.     One or more putative class members are not similarly situated to Plaintiff.

37.     Plaintiff's claims are not typical of the claims of the putative class.

38.     Plaintiff will not fairly and adequately protect the interests of the putative class.

39.     Plaintiff's Class Action Complaint fails to identify an ascertainable and identifiable class.

40.     Plaintiff's Class Action Complaint fails to identify a manageable class.

41. Plaintiff's Class Action Complaint fails to present common questions that predominate over individualized questions.

42. Plaintiff's Class Action Complaint fails to raise common questions capable of generating common answers that will drive the resolution of the case.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert such additional defenses as may become apparent during the course of discovery in this action.

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3. That Defendant be awarded its costs, disbursements, and attorneys' fees in this action; and

4. For all such other and further relief as this Court shall deem just and proper.


Dated: June 20, 2023                    DENTONS US LLP


By: */s/Michael J. Duvall*
       Michael J. Duvall

Attorneys for Defendant
ROWDY BEVERAGE, INC.

123937319

- 26 -